Peter Norman LA FRANCE, Appellee,

v.

**NEW YORK, NEW HAVEN AND HART-FORD RAILROAD COMPANY,**
Appellant.

**No. 411, Docket 26884.**

United States Court of Appeals
Second Circuit.

Argued June 8, 1961.

Decided July 17, 1961.

Robert C. Zampano, East Haven, Conn. (William A. Blank, Brooklyn, N. Y. and Joseph J. Mager, East Haven, Conn., on the brief), for appellee.

Thomas J. O'Sullivan, New Haven, Conn., for appellant.

Before LUMBARD, Chief Judge, and GOODRICH * and FRIENDLY, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Plaintiff was employed as a brakeman by the defendant and met with an accident while attempting to throw a switch in the defendant's yard at North Haven, Connecticut, on July 6, 1959. He claimed negligence on the part of the defendant in the condition of the switch and that permanent injuries have been suffered as a consequence of his accident. The verdict for the plaintiff was $90,000 and judgment was entered thereon.

■ The defendant complains of the trial judge's refusal to admit evidence of tests made by defendant's employees concerning the working of the switch. There were three of these. One was admittedly made at the switch without a locomotive being present on the tracks near the switch. Since the plaintiff claimed that the failure of the switch to operate depended upon the bending of a bar under the weight of a locomotive this testimony was properly rejected. The second test was upon a switch adjacent to the one where the plaintiff claimed this accident occurred. There was hardly a scintilla of evidence indicating that the accident did not occur just where the plaintiff said it did. Consequently, there was no error in failing to admit into evidence an experiment on a different switch. A third offer was based on a test made during the course of the trial. This was in the week of November 28, 1960, nearly a year and a half after the accident. Plaintiff claimed that the physical situation at and around the switch was not the same as it was the day he was hurt; defendant naturally claimed the contrary.

There is a large measure of discretion given to a trial judge in the admission of testimony of this sort. 2 Wigmore, Evidence § 437 (3d ed. 1940); McCormick, Evidence § 169 (1954). We do not suggest that it would have been error to admit the testimony relating to this last test but the refusal was not such a departure from discretion as to constitute reversible error.

■ The defendant earnestly urges upon us that the verdict is excessive and cites Dagnello v. Long Island R. R. Co., 2 Cir., 1961, 289 F.2d 797, as authority that the damages question is now reviewable in this Circuit. There is, however, no basis for attacking the verdict in this case as excessive. It is, as the trial judge said, "substantial." But the man received injuries which will, according to the testimony, interfere with his working capacity the rest of his life. He was only 39 at the time he was injured. He will no longer be able to do the kind of work in a railroad yard which he did prior to the accident. Furthermore, there is no separation in the verdict between his decreased earnings and what he must have been given for pain and suffering. He had a great deal of medical and surgical help; there is evidence of a very considerable amount of discomfort. Unless the jury awards something fantastic for this sort of harm it is hardly subject to modification by a reviewing court.

The defendant raises other questions concerning admission of evidence but they are not of sufficient substantiality to merit discussion.

The judgment will be affirmed.

* Of the Third Circuit, sitting by designation.